**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WATERBLASTING, LLC,
a Delaware limited liability company,

    Plaintiff,

CASE NO:   8:17-cv-02660-CEH-MAP

v.

BLASTERS, INC.,
a Florida corporation,

    Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW

Defendant Blasters, Inc. ("Blasters") respectfully move the Court on the following grounds for an order staying this patent infringement litigation pending resolution of *inter partes* review ("IPR") of the patent-in-suit (U.S. Patent No. 7,255,116, hereinafter the "'116 Patent") with the U.S. Patent Trial and Appeal Board (the "PTAB"):

1. Plaintiff, Waterblasting, LLC filed its two-count Complaint against Blasters a mere 2 ½ months ago alleging Blasters infringes certain claims of the '116 Patent. (Dkt. #1, ¶ 11, 12, 16, and 17). Waterblasting did not assert any claims other than infringement of the '116 Patent.

2. Blasters raised affirmative defenses to the Complaint including defenses of patent invalidity and unenforceability. Blasters also asserted a Counterclaim for Declaratory Judgment of invalidity and unenforceability of the '116 Patent. (Dkt. # 16).

3. On January 15, 2018, Blasters filed its IPR Petition with the PTAB seeking review of all asserted claims of the '116 Patent.

4. All of the asserted claims of the '116 Patent are the subject of Blaster's IPR petition, and the PTAB may invalidate one, some, or all such claims upon final resolution of the IPR.

5. Staying this litigation until the IPR is resolved will simplify the issues in this proceeding, conserve the resources of the parties and the Court, and will not prejudice either party. This action is only 2 ½ months old, no discovery has been served or taken, the Parties have not exchanged infringement or invalidity contentions, and the claims construction process has not started.

6. Pursuant to Local Rule 3.01 (g), before filing this motion, Blasters' counsel conferred with Waterblasting's counsel in a good faith effort to resolve the issues raised by this motion. Waterblasting's counsel **agrees to and does <u>not</u> oppose** the relief sought herein. *See* Certificate of Good Faith Conference, *infra.*

WHEREFORE, Defendant, Blasters, respectfully requests that this Court:

    a. Grant this Motion;

    b. Enter an order staying this litigation until the PTAB issues a final written decision on the IPR and vacating the case deadlines listed in the Case Management and Schedule Order (Dkt. #19);

    c. Enter an order directing Blasters to file a report every 90 days on the status of the IPR, and to file notice of the PTAB's decision to

       grant or deny the IPR Petition and the PTAB's final written decision on the IPR if instituted; and

  **d.**  Grant all such further relief as this Court deems just and appropriate.

<strong><u>MEMORANDUM IN SUPPORT OF MOTION TO STAY</u></strong>

  Pursuant to Local Rule 3.01 (b), the Defendant, Blasters, submits its memorandum of law in support of its Unopposed Motion to Stay.

  Blasters has challenged the validity of all asserted claims of the '116 Patent both here and now before the PTAB. A stay of this litigation will greatly streamline, and may eliminate entirely, the issues for this Court.

  **I.**  **FACTUAL BACKGROUND**

    **A. Nature And Stage Of Proceedings**

  On November 6, 2017, Waterblasting filed a two-count Complaint alleging that Blasters infringed the '116 Patent. *See* Complaint, Dkt. #1. Specifically, Waterblasting alleged in Count I of its Complaint that Blasters infringed claims 1 through 6 of the '116 Patent. *Id.* at ¶¶ 11, 12. Count II alleges that Blasters infringed claims 1 through 4 of the '116 Patent. *Id* at ¶¶ 16, 17. Thus claims 1 through 6 of the '116 Patent are at issue here.

  In response to the Complaint, Blasters raised affirmative defenses that the '116 Patent is invalid and unenforceable. Blasters also asserted a Counterclaim against Waterblasting seeking a declaratory judgment that the '116 Patent is invalid and unenforceable. *See* Dkt. #16.

Specifically, Blasters alleged that one or more claims of the '116 Patent are invalid as being anticipated under 35 U.S.C. § 102 and obvious under 35 U.S.C. § 103. As to anticipation, Blasters alleges that more than one year prior to the filing of the original application that matured into the '116 Patent, the alleged invention was patented by others and/or described in printed publications, or was in public use or was on sale in this country. Prior art products embodying the elements of the invention claimed in the '116 Patent include Blasters' products that became known as the Liquidator™ products, NLB Corp.'s StarJet™, StripeJet™, and Vortex™ products, and the product of James P. Crocker's company, Pressure Cleaning Services, Inc. ("PCS") (collectively, the "Prior Art Products"). *See* Second Affirmative Defense and Counterclaim at ¶ 8, Dkt. #16. As to obviousness, Blasters alleged that, in light of the printed prior art and the Prior Art Products existing at the time the alleged invention was made, one or more claims of the '116 Patent are invalid as being obvious to one skilled in the art to which the alleged invention relates. *See* Third Affirmative Defense and Counterclaim at ¶ 9, Dkt. #16.

Although the pleadings are closed, the case has not advanced beyond that point. There are no pending motions, no discovery has been served or taken, preliminary infringement contentions have not been served, preliminary invalidity contentions have not been served, and the claims construction process has not even started. The discovery period does not close for more than 15 months (April 26, 2019), and trial is not scheduled until the term starting November 4, 2019 – more than 21 months away. *See* Dkt. #19.

In sum, this is the perfect time to stay the case. Neither the Parties nor the Court have yet invested significant time and effort, which may be altogether avoided if the PTAB invalidates one or more of the six (6) asserted claims via the pending IPR.

### B. The IPR

Shortly after the Complaint was filed, Blasters filed its Petition for IPR on all asserted claims of the '116 Patent. *See* Exhibit "A" attached hereto.

The IPR proceeding provides for "'a new system for reviewing issued patents, providing for stays of district court proceedings, and estoppels in tribunals, based on' expedited decisions of the" PTAB. *Lighting Science Group Corp. v. Nicor, Inc.*, 2017 WL 3706697, *2 (M.D. Fla. May 9, 2017)(quoting *SAD Inst., Inc. v. ComplementSoft, LLC*, 825 F.3d 1341, 1353-54 (Fed. Cir. 2016)). The IPR was designed to improve upon the old *inter partes* reexamination by "(1) reducing to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months; (2) minimizing duplicative efforts by increasing coordination between district court litigation and *inter partes* review; and (3) allowing limited discovery in the review proceedings." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, 2013 WL 6133763, *2 (M.D. Fla. Nov. 21, 2013). During the IPR, "the PTO can invalidate any claim before it, and the petitioner is collaterally estopped from later asserting in a civil action 'that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review.'" *Id.* (quoting 35 U.S.C. § 315 (e)(2)).

The IPR is equivalent to litigation in that both Waterblasting and Blasters will have an opportunity to participate in the IPR, discovery is allowed, and each party is

5

afforded an opportunity to present its case to a three-member tribunal of the PTAB at oral argument.

The IPR is a quick process. Waterblasting must respond to the Petition for IPR within three (3) months of the Petition's filing, or by April 15, 2018. 37 C.F.R. § 42.107 (b). Within three (3) months of the filing of Waterblasting's response (by July 15, 2018), the PTAB must determine whether or not to institute an *inter partes* review. 35 U.S.C.§ 314 (b). If the PTAB institutes an IPR for any of the claims in the Petition, it must issue a final written decision within one (1) year of the date of the decision to institute the IPR. 37 C.F.R. § 42.100.[1] Consequently, the PTAB's final decision would more than likely be made by approximately July 15, 2019 – almost four (4) months before the scheduled trial term in this action.

## II. LEGAL STANDARDS

It is well established that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO [administrative proceeding]." *Ethicon, Inc. v. Quigg*, 849 F. 2d 1422, 1426-27 (Fed. Cir. 1988). It is within this Court's "sound discretion" to stay this action. *Lighting Science Group*, 2017 WL 3706697 at *2 (granting motion to stay before PTAB granted petition for IPR).

In deciding whether to stay a patent infringement action in favor of a PTAB proceeding concerning the validity of the asserted patent, the District Court considers:

---

[1] "An inter partes review proceeding **shall be** administered such that pendency before the Board after institution is normally no more than one year. The time can be extended by up to six months for good cause by the Chief Administrative Patent Judge." 37 C.F.R. § 42.100(c)(emphasis added).

> (1) whether a stay would ***unduly*** prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trail of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Patent Asset Licensing, LLC v. Bright House Networks, LLC*, 2017 WL 3706697, *2 (M.D. Fla. Aug. 22, 2016)(emphasis added)(granting motion to stay before PTAB instituted IPR).

> "[C]ourts in the Eleventh Circuit have … stayed cases <u>before</u> the PTAB has decided whether to institute an *inter partes* review, noting the concrete, numerous, and well-recognized benefits of resort to the PTO as (1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties.

*Id.*, at *3 (emphasis in original).

Indeed, the Middle District of Florida routinely grants stays even before the PTO institutes the IPR (or reexamination). *See Lightning Science*, 2017 WL 3706697 at *3; *Patent Asset*, 2016 WL 4431574 at *5; *The Andersons, Inc. v. Enviro Granulation, LLC*, 2014 WL 4049886, *4 (M.D. Fla. Aug. 14, 2014); *Capriola Corp. v LaRose Indus., LLC*, 2013 WL 1868344, *3 (M.D. Fla. March 11, 2013); *see also Alps South, LLC v. Ohio Willow Wood Co.*, 2008 WL 8793609, *1 (M.D. Fla. Dec. 3, 2008)(granting motion to stay before PTO granted reexamination request).

### III. ARGUMENT

#### A. The Relevant Considerations Fully Support Granting A Stay

##### 1. <u>Staying litigation will not unduly prejudice either party.</u>

Neither party will be unduly prejudiced by staying the litigation now. Although a stay will cause some delay if the IPR is ultimately unsuccessful, "[**m]ere delay** in the

7

litigation does *not* establish *undue* prejudice." *CANVS Corp. v. Nivisys, LLC*, 2014 WL 6883123, * (M.D. Fla. Dec. 5, 2014)(emphasis added).  Moreover, "any such delay is outweighed by the many advantages of *inter partes* review." *Andersons*, 2014 WL 4059886 at *2.  Where, as here, the plaintiff has not sought a preliminary injunction but requested monetary damages, that remedy "is sufficient to protect [Waterblasting] from prejudice." *Patent Asset Licensing*, 2016 WL 4431574 at *3; *see also VirtualAgility v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)(a "stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit – it only delays realization of those damages.").

Moreover, Blasters has acted diligently.  Blasters immediately sought an IPR review after being sued in this case, and then promptly sought a stay of litigation after the filing of its IPR petition.  Blasters' quick action evidences that it lacks a dilatory motive in seeking a stay.

Finally, any concerns about a litigation delay are tempered by the speed at which the PTAB is statutorily required to conduct an IPR.  The PTAB is required to issue a final decision by July 15, 2019 – almost four (4) months before the scheduled trial term.

### 2. Staying litigation will dispose of or simplify issues for trial.

A stay pending IPR of the '116 Patent will greatly simplify, and possibly eliminate, the issues before this Court.  IPRs result in either the invalidity of the claims reviewed or, if the claims are not invalidated, shedding light on the validity of the asserted claims and narrowing or removing particular issues from trial.  *See Patent Asset Licensing*, 2016 WL 4431574 at *3.  If the PTAB invalidates any of the six (6) asserted

claims, then those claims cannot be asserted here against Blasters and the Court will not have to determine their invalidity. 37 C.F.R. § 42.80.

The Petition for IPR demonstrates there are substantial questions regarding invalidity of the six asserted claims. The Petition provides argument and art that were not considered during the '116 Patent's prosecution. *Inter partes* review of the '116 Patent will allow the PTAB a chance to consider these references and arguments for the first time, and to apply its considerable expertise to determining whether the '116 Patent should have issued with the claims that have been asserted in this lawsuit.

In this lawsuit, Waterblasting alleges only infringement of the '116 Patent – there are no other claims. Blasters has challenged the validity of all asserted claims of the '116 patent in its Petition. Thus, if the PTAB invalidates the '116 Patent's six (6) claims, then this entire case will be moot.

Although the IPR has not yet been instituted, the Middle District of Florida has nevertheless recognized the streamlining effect of granting a stay prior to the IPR's institution. "[I]f the PTO declines *inter partes* review, little time is lost, but if the PTO grants *inter partes* review, the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation." *Capriola*, 2013 WL 1868344 at *2 (granting pre-institution stay); *see also Andersons*, 2014 WL 4059886 at *4 (granting pre-institution stay).

Beyond the potential to moot this litigation, a stay will streamline the litigation by avoiding discovery and the costly and burdensome *Markman* process until such time as the '116 Patent returns from the IPR unscathed, if indeed it ever does. *See Alps*, 2008

WL 8793609 at *2 ("A stay will avoid the problem … of the parties' preparing successive iterations of *Markman* briefs if the PTO modifies or cancels a claim under reexamination.").

### 3. Discovery has not even started and trial is not scheduled until the November, 2019 trial term.

As discussed above, the parties have not taken or exchanged any discovery. Trial is not scheduled to begin until the November 4, 2019 trial term. Dkt. # 19. The early stage of this case, and far-off trial date, weigh heavily in favor of staying this action now.

### IV.   CONCLUSION

For all of the reasons set forth above, the Parties respectfully request that the Court stay this litigation pending resolution of *inter partes* review of the patent-in-suit.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), undersigned counsel hereby certifies that counsel for Defendant conferred via telephone on January 23, 2018, with counsel for Plaintiff regarding the substance of the Motion, and counsel for Plaintiff confirmed in subsequent email communications that Plaintiff agrees to and does not oppose the relief requested in the Motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 30, 2018, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Edward F. McHale, Esq.** and **Kenneth W. Cohen, Esq.**, McHale & Slavin, PA, 2855 PGA Blvd., Palm Beach Gardens, FL 33410 (litigation@mchaleslavin.com and kcohen@mchalelavin.com), counsel for Plaintiff, Waterblasting, LLC.

*s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
aperez@feejeffries.com

Counsel for Defendant, Blasters, Inc.